UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMON HEMINGWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:04CV249 HEA |
| | ) |
| REGGIE MOORE, et al., | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Reginald Moore, Troy Darby, Duvall Perry, Richard Dixon, Carlos Brown and John Farrell's Motion for Summary Judgment, [Doc. No. 62].[1] Plaintiff opposes the motion. For the reasons set forth below, the motion is granted in part and denied in part.

## Introduction

Plaintiff brought this action against defendants pursuant to 42 U.S.C. § 1983 for alleged deprivation of his constitutional rights. Plaintiff also asserts state law claims of negligence.

Specifically, Plaintiff alleges that Defendants Perry, R. Moore, Dixon, C.O. Moore and Darby were aware of a substantial risk of harm to Plaintiff and

---

[1] The named parties are the remaining defendants. The other defendants have been either dismissed from this action or the claims against them have been abandoned by the filing of the Second Amended Complaint.

demonstrated a deliberate indifference by failing to take reasonable measures to abate the substantial risk posed. (Count I). Plaintiff further alleges that Defendant C.O. Moore exercised a malicious and sadistic use of force in order to cause Plaintiff harm. (Count III).[2] Plaintiff claims that Defendants C.O. Moore, Darby, Perry, and Brown subjected Plaintiff to retaliatory disciplinary action as a result of Plaintiff's having filed grievances. (Count IV). With respect to his state law claims, Plaintiff alleges that Defendants R. Moore, C.O. Moore, Darby, Perry, Dixon, Brown, and Farrell were negligent in their duty to exercise due care for Plaintiff's health and safety. (Count V).[3]

## Facts and Background

Plaintiff is currently incarcerated by the Missouri Department of Corrections in Jefferson City, Missouri.. From approximately January 2003 through approximately August 2003, Plaintiff was held, pending trial, at the St. Louis City Justice Center. Plaintiff asked to be placed in protective custody because of certain threatening statements made by other inmates. Plaintiff reported the statements to Defendants R. Moore, Floor Housing Manager at the Justice Center, Defendant Perry, Defendant Farrell, and Defendant Dixon. Plaintiff testified that he took these

---

[2] Count II was voluntarily dismissed with prejudice by Plaintiff on January 10, 2007.

[3] Count VI against former defendant Singer was dismissed on October 17, 2005 because Plaintiff failed to file the affidavit required by RSMo. § 538.225.

threats seriously. Plaintiff was advised that he would not be required to spend his recreational time with the general population. On May 9, 2003, while plaintiff was out of his cell for recreational activity, the two men who reportedly made the threatening statements were allowed in the same room. Plaintiff testified that Defendant Perry was present in the room and Defendant Darby was outside the room monitoring the activities in his capacity as control officer. Plaintiff testified in his deposition that Defendant Perry made the comment, "Let's get ready to rumble," when the other inmates were allowed into the same room as Plaintiff. Plaintiff moved toward Defendant Perry, and Defendant Perry moved away from Plaintiff. According to Plaintiff's testimony, one of the men stated: "I'm fixing to F you up." The two men attacked plaintiff and broke his right hand with a telephone. Plaintiff subsequently underwent surgery on his right hand.

On June 4, 2003, plaintiff was cited in an incident report. According to the Incident Report, Plaintiff began kicking his cell door. He was told to stop by C.O. Johnson, but Plaintiff did not stop. Plaintiff kept saying that he needed to see the nurse because he needed to have his bandage changed on his arm. C.O. Johnson told Plaintiff the nurse would be up to dispense medication in about a half an hour. Plaintiff began kicking the door again. Defendant Brown responded to the area and escorted Plaintiff to the medical department to have his bandage changed. Plaintiff was placed in a disciplinary cell, pending a hearing regarding his behavior.

In the Second Amended Complaint, Plaintiff alleges that Defendant Brown threatened to hang Plaintiff because of the May 9, 2003 incident and his complaints. Plaintiff further alleges that he requested to be placed under suicide watch because he was afraid of Defendant Brown. Rather than being placed under suicide watch, according to the Second Amended Complaint, Defendant Brown ordered Plaintiff to solitary confinement and ordered him to stop submitting grievances and stop complaining to family members that he was not receiving appropriate medical care. While in solitary confinement, Plaintiff claims he was subject to taunting and harassment by Defendants Brown, Perry, Darby, and C.O. Moore. He claims he was hit in the neck and knocked to the ground and that Defendant Brown sprayed him with mace. Plaintiff alleges that Defendant Brown stated that he was going to help Plaintiff, but he decided not to because of Plaintiff's grievances and complaints to his family.

Plaintiff also claims in his Second Amended Complaint that subsequent to his return from surgery, Defendant C.O. Moore tackled Plaintiff to the ground, drove his knee into Plaintiff's unhealed right hand and then stomach, and exclaimed, "I told you I was going to get you."

**Summary Judgment Standard**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and

inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Employers Mut. Cas. Co. v. Wendland & Utz,* Ltd, 351 F.3d 890 (8th Cir. 2003); *Enter. Bank v. Magna Bank* 92 F.3d 743, 747 (8th Cir. 1996). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

> Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Aviation Charter,* [*Inc. v. Aviation Research Group/US*], 416 F.3d [864] at 868 [(8th Cir.2005)]. We view the evidence and the inferences that may reasonably be drawn therefrom in the light most favorable to the nonmoving party. *Id.* A party opposing summary judgment is not permitted to merely rest on his pleadings but must instead set forth sufficient evidence from which a reasonable jury could find in his favor on all elements of his claims. *See Thompson v. Hubbard,* 257 F.3d 896, 898-99 (8th Cir.2001); *Bailey v. United States Postal Service,* 208 F.3d 652, 654 (8th Cir.2000).

*Johnson v. Hamilton,* 452 F.3d 967, 971-72 (8th Cir. 2006).

**Failure to Protect Claim**

As a pretrial detainee confined in a state facility, Plaintiff's claims arise under the substantive due process protections of the Fourteenth Amendment, and are analyzed under the same standards as similar claims brought by prisoners based upon the Eighth Amendment. *See Revels v. Vincenz,* 382 F.3d 870, 874-75 (8th Cir.2004); *Crow v. Montgomery,* 403 F.3d 598, 601 (8th Cir.2005). To sustain a constitutional claim based on the failure to protect the plaintiff from other inmates, a plaintiff must show that he was incarcerated "under conditions posing a substantial risk of serious harm and that the prison officials actually knew of and disregarded the risk to [his] health and safety." *Johnson,* 452 F.3d at 967; *see also Pagels v. Morrison,* 335 F.3d 736, 740 (8th Cir.2003).

The record before the Court establishes questions of material fact as to whether the prison officials actually knew of and disregarded the risk to Plaintiff's

safety. Plaintiff testified that he requested to be placed in protective custody because of the threats made by other inmates. When these inmates were in the same room, Plaintiff also testified that Defendant Perry made a comment that would imply he was aware of the trouble between the inmates and Plaintiff, and that he moved away from Plaintiff when Plaintiff approached him. Plaintiff has met his burden of coming forward to establish disputed factual questions which preclude summary judgment on Plaintiff's failure to protect claims. Based upon Plaintiff's own deposition testimony, the Court concludes that Plaintiff has produced evidence from which a jury could conclude that Defendants knew of and were deliberately indifferent to a substantial risk of serious injury to Plaintiff. Accordingly, Defendants are not entitled to summary judgment on the failure to protect claim.

**Excessive Force and Retaliation Claims**

The Eighth Amendment protects inmates from unnecessary and wanton infliction of pain by correctional officers. *Treats v. Morgan,* 308 F.3d 868, 872 (8th Cir.2002). Officers are permitted to use force reasonably in a good-faith effort to maintain or restore discipline, as long as they do not use force maliciously and sadistically to cause harm. *Id.* In deciding whether a particular use of force was reasonable, the Court considers whether there was an objective need for force, the relationship between the need and the amount of force used, the threat reasonably perceived by correctional officers, the efforts by the officers to temper the severity

of the forceful response, and the extent of the inmate's injuries. *Id.* Although Plaintiff's allegations in his Second Amended Complaint differs from the incident report, he has not contested the report, nor has he presented any evidence in support of his position that Defendants used excessive force while responding to the kicking of his cell. Plaintiff's own testimony establishes that he was behaving disruptively. In light of Plaintiff's failure to produce evidence to establish that Defendants acted with excessive force and in retaliation for Plaintiff's filing of grievances and complaining to his family, the Court concludes that no reasonable jury could find that Defendants used excessive force in violation of the Eighth Amendment, nor that Defendants' actions were taken in retaliation for filing grievances and complaining.

**Negligence**

Likewise, Plaintiff does not respond to Defendant's Motion for Summary Judgment regarding the claims of negligence. As Defendants correctly point out, it is well settled that claims of negligence are not actionable under Section 1983. Defendants, however, do not address Plaintiff's claims of negligence under this Court's supplemental jurisdiction. As such, Count V will remain pending.

## Conclusion

Genuine issues of material fact exist with respect to Plaintiff's Failure to Protect Claim and his state claim of negligence. Defendants are therefore not

entitled to summary judgment on Count I. They are likewise not entitled to summary judgment on Count V.

Plaintiff has not contested the motion with respect to Counts III and IV. The record before the Court establishes that Defendants are entitled to judgment as a matter of law on these two counts.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motion for Summary Judgment, [Doc. No. 32], is granted in part and denied in part. Judgment in favor of Defendants on Counts III, and IV will be entered after resolution of the remaining claims.

Dated this 1st day of February, 2007.

_____
   HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE